UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-00049-WBS |
| Plaintiff, | |
| v. | ORDER |
| CARLOS SANCHEZ, | |
| Defendant. | |

----oo0oo----

Defendant Carlos Sanchez has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1). (Docket No. 84.)[1] The court recognizes defendant's contention that compassionate release is warranted because of the COVID-19 pandemic and conditions at the facility where he is housed. However, defendant is only 34, and he does not claim or provide any evidence that he is at risk of serious complications from

---

[1] Defendant was given fourteen days from the filing of the government's opposition to file a reply. More than one month has now passed since the government filed its opposition, and defendant filed no reply.

1

COVID-19 due to any underlying medical condition. Moreover, as this court has stated numerous times, the COVID-19 pandemic by itself does not constitute an extraordinary and compelling reason for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.[2]

The court also rejects defendant's contention that the allegedly "illegal and inhumane conditions" claimed to be suffered by defendant, such as extended solitary confinement and lack of access to showers, clean clothes, and fresh air, warrant compassionate release under § 3582(c)(1), either alone or in combination with the COVID-19 pandemic. Complaints about the manner, location, or conditions of a defendant's confinement generally must be raised in a habeas petition under 28 U.S.C. § 2241 in the district where the defendant is confined. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). The court notes that defendant is housed in FCI Victorville, which is located in the Central District of California. Moreover, allegedly inhumane conditions at a facility do not appear to be one of the grounds for relief contemplated under § 3582 or § 1B1.13, or even similar to any of those grounds. Accordingly, a compassionate release motion filed in this district is not the proper vehicle to obtain relief from those alleged conditions.

Under all of the relevant factors, defendant has not shown that compassionate release is appropriate in this case.

---

[2] The court recognizes that § 1B1.13 is not binding on this court, though it "may inform a district court's discretion for § 3582(C)(1)(A) motions filed by a defendant." United States v. Aruda, 993 F.3d 797 (9th Cir. 2021). According, the court considers the Sentencing Commission's policy statements in deciding the instant motion.

Accordingly, the motion (Docket No. 84) is **DENIED**.

IT IS SO ORDERED.

Dated:  April 29, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE