UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:16-cr-0049-1-WBS-SCR |
| Respondent, | |
| v. | ORDER |
| CARLOS SANCHEZ, | |
| Movant. | |

Movant is a former federal prisoner representing himself in this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a motion to dismiss and opposition on the merits. ECF No. 90. Petitioner has filed a reply. ECF No. 91. Therefore, the motion has been fully briefed by the parties. For the reasons explained in further detail below, the undersigned recommends denying the motion on the merits.

**I.     Factual and Procedural History**

On the day before his trial was scheduled to commence, movant entered a guilty plea to all four counts of the indictment charging him with distributing heroin and cocaine based on three separate sales to an undercover DEA agent. See ECF No. 58. On January 22, 2018, movant was sentenced to 121 months in prison. ECF No. 67.

Movant appealed his conviction to the Ninth Circuit Court of Appeals and challenged the sentence that was imposed by the district court. ECF No. 68. On April 22, 2019, movant's conviction and sentence were affirmed. ECF No. 77.

1

On November 30, 2020, movant filed a motion to vacate, set aside, or correct his sentence. ECF No. 79.[1] He raises three separate ineffective assistance of counsel ("IAC") claims. ECF No. 79. First, movant asserts that trial counsel failed to conduct an investigation or to hire an investigator in his case. ECF No. 79 at 3. Next, movant contends that his trial attorney neglected to explain the immigration consequences to pleading guilty despite knowing that movant was born in Mexico. Id. at 4. Third, movant indicates that counsel did not inform him that "if he were to plead guilty before the government prepared its case for trial, he would receive an additional one-level reduction" in his sentence. Id. Lastly, movant asserts that counsel failed to review the presentence report with him prior to sentencing and that counsel should have argued in mitigation that he would be deported and separated from his family. Id.

On April 1, 2021, respondent filed a combined motion to dismiss and opposition to movant's § 2255 motion. ECF No. 90. Respondent first contends that the § 2255 motion should be dismissed as untimely. ECF No. 90 at 14-16. In the alternative, respondent submits that each of the IAC claims fail on the merits. Id. at 18-24. First, respondent points out that "[t]here was nothing to investigate in connection with the evidence because it was corroborated, strong, and Sanchez confessed." Id. at 18. Each drug transaction with an undercover agent was recorded while under surveillance by additional federal officers. Id. According to respondent, the first IAC claim should be denied because counsel's performance was not deficient and because movant has not demonstrated any prejudice. Id. at 20. Movant's second claim that counsel failed to advise him about the immigration consequences of his guilty plea is entirely contradicted by the record. Id. at 20-21. With respect to the third claim, "[t]he record demonstrates that Sanchez initially wanted a trial and then backed out at the last minute." Id. at 22. Ultimately, movant was responsible for losing a third level for acceptance of responsibility under Section 3E1.1(b) of the United States Sentencing Guidelines because he rejected an earlier plea agreement and insisted on going to trial. Id. at 22. Moreover, trial counsel did not have the ability "to control or change the government's decision to withhold making a motion under § 3E1.1(b)." Id. at 22-23.

---

[1] The filing date was calculated using the prison mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

1       By way of reply, movant counters that his § 2255 motion should be deemed timely due to
2  various circumstances. ECF No. 91. Regarding the merits of his claims, movant argues that the
3  court must assume that his statements made in his § 2255 motion are true. ECF No. 91 at 3. So
4  construed, movant contends that he is entitled to an evidentiary hearing. Id. at 3-4.

5       **II.    Legal Standards**

6       A habeas petitioner may move to vacate, set aside, or correct his sentence "upon the
7  ground that the sentence was imposed in violation of the Constitution or laws of the United
8  States, or that the court was without jurisdiction to impose such sentence, or that the sentence was
9  in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28
10 U.S.C. § 2255(a). If any of these grounds exist, the court "shall vacate and set the judgment aside
11 and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as
12 may appear appropriate." 28 U.S.C. § 2255(b). Movant carries the burden of establishing that he
13 is entitled to post-conviction relief under § 2255. See United States v. Frady, 456 U.S. 152, 170
14 (1982).

15      Effective assistance of counsel is guaranteed by the Sixth Amendment. See United States
16 v. Span, 75 F.3d 1383, 1386-1387 (9th Cir. 1996). "Before deciding whether to plead guilty, a
17 defendant is entitled to 'the effective assistance of competent counsel.'" Padilla v. Kentucky, 559
18 U.S. 356, 364 (2010). An ineffective assistance of counsel claim can be raised for the first time
19 in a § 2255 motion. See Span, 75 F.3d at 1387. The two prong standard announced in Strickland
20 v. Washington, 466 U.S. 668 (1984), governs movant's IAC claims. In order to be entitled to
21 relief, movant has the burden of establishing: 1) that his defense counsel's performance was
22 deficient; and, 2) that he was actually prejudiced by counsel's acts or omissions. When reviewing
23 the performance prong, the court must determine, whether in light of all the circumstances, the
24 identified acts or omissions were outside the wide range of professional competent assistance.
25 Strickland, 466 U.S. at 690. Prejudice is found where "there is a reasonable probability that, but
26 for counsel's unprofessional errors, the result of the proceeding would have been different." Id.
27 at 694. A reasonable probability is "a probability sufficient to undermine confidence in the
28 outcome." Id. In the context of rejecting a plea offer, prejudice can be demonstrated by showing

that the prosecution would have offered a plea deal more favorable than the ultimate trial outcome, and that both movant and the court would have accepted the deal. Lafler v. Cooper, 566 U.S. 156, 164 (2012).

If the court finds that movant's allegations are sufficient to support both prongs of the Strickland test, "a district court must grant a hearing…, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In other words, an evidentiary hearing is required if (1) movant alleges "specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case cannot conclusively show that the petitioner is entitled to no relief." United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004). No hearing is necessary if movant's allegations, viewed against the record, fail to state a claim for relief or are "so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations and citations omitted); see also Howard, 381 F.3d at 879 (stating that "bald, conclusory or inherently incredible assertions" do not support an evidentiary hearing).

### III.    Analysis

In the interests of judicial economy, the court elects to bypass respondent's argument that the § 2255 motion is time barred and will address the merits of the pending motion.[2] See Lambrix v. Singletary, 520 U.S. 518, 522-25 (1997) (holding that a federal court need not invariably resolve a state procedural bar issue first where it presents complicated issues of state law and the other issue is easily resolvable against the petitioner). The merits are easier to resolve than the question of timeliness in this case. Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (finding it proper to proceed to merits where procedural bar issue is more complicated and the result the same).

Before addressing each of the IAC claims, the court notes that movant only challenges the acts and omissions of the third attorney that represented him during the pendency of his criminal

---

[2] Movant raises several arguments concerning an alternate triggering date of the statute of limitations as well as requests for equitable tolling which are not discussed herein.

1   case. This attorney was appointed to represent him on March 27, 2017 after movant declined to
2   sign the plea agreement that was negotiated by his prior counsel. See ECF No 75 (Transcript of
3   Further Status Conference). By that point in time, the criminal charges against movant had been
4   pending for over a year. With this background in mind, the court turns to each individual IAC
5   claim.
6       Movant first asserts that his trial counsel was ineffective for failing to conduct any
7   investigation of the facts of his case. This claim is entirely conclusory because movant does not
8   suggest what such an investigation would have revealed or how this would have resulted in a
9   different outcome. Importantly, movant does not even allege that his decision to plead guilty
10  would have changed had counsel investigated his case. This is a critical defect because movant
11  has the burden of demonstrating prejudice resulting from any error or omission by his trial
12  counsel. See Lafler v. Cooper, 566 U.S. 156, 164 (2012). Therefore, the undersigned
13  recommends denying this claim for relief based on lack of prejudice as well as the fact that it is
14  entirely conclusory in nature. See Rios v. Rocha, 299 F.3d 796, 805 (9th Cir. 2002) (emphasizing
15  that a "[f]ailure to satisfy either prong of the Strickland test obviates the need to consider the
16  other.").
17      After reviewing the plea colloquy transcript in this case, the undersigned recommends
18  denying movant's second IAC claim because it is belied by the record. The undersigned finds no
19  merit to the IAC claim challenging counsel's failure to explain the immigration consequences of
20  his guilty plea. See United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988) (explaining
21  the court's power to dismiss claims "conclusively decided on the basis of documentary testimony
22  and evidence in the record"). The court engaged movant and trial counsel in a lengthy colloquy
23  on the subject of immigration consequences during the change of plea hearing.
24              Court: Are you a citizen of the United States?
25              Sanchez: No, sir.
26              Court: Of what country are you a citizen?
27              Sanchez: Mexico. I believe so.
28              Court: You were born in Mexico?

5

1 Sanchez: That's what I've been told. I've been here since I was six years old -- five years old.

Court: You don't remember when you were born?

Sanchez: I -- all I know is here in America. That's all I know. This is home.

Court: But you understand that you are a citizen of Mexico rather than the United States?

Sanchez: Yes.

Court: All right. Do you understand that your plea of guilty in this case could result in your being deported from the United States?

Sanchez: Yes.

Court: Mr. Hedberg, have you gone over that with Mr. Sanchez?

Mr. Hedberg: Yes.

Court: Have you looked into the question of the probabilities of his being deported? I know that's a question that is really, in some ways, a political question today, and it's a legal question as well, but there is no sure or certain answer to the question.

Have you looked into the probability of his being deported?

Mr. Hedberg: Mr. Sanchez has an immigration lawyer, and I did speak to the immigration lawyer. He felt it was likely that Mr. Sanchez would be deported, but, obviously, it depends on any number of variables that are out of our control.

Court: That's good you have consulted with an immigration lawyer.

Mr. Hedberg: His immigration lawyer.

Court: Do you understand that? You've talked to your immigration lawyer as well, correct?

Sanchez: No, sir.

Court: Okay. Mr. Hedberg, you have?

Mr. Hedberg: Yes.

Court: And you've explained what to Mr. Sanchez?

Mr. Hedberg: Explained to Mr. Sanchez that it's very likely that he'll be deported as a result of this plea.

Court: Do you understand that?

Sanchez: Yes, sir.

6

ECF No. 76 at 7-8 (Transcript of Change of Plea Hearing).  These statements by movant which were made under oath are entitled to a "strong presumption of verity."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Accordingly, the undersigned recommends that the second claim for relief be denied.  See 28 U.S.C. § 2255(b).

    Movant's third claim is also belied by the record of proceedings in this case.  A trial date was set in movant's case on May 8, 2017, after movant declined to enter the guilty plea which his prior counsel had negotiated.  See ECF Nos. 37-38.  After respondent filed a trial brief, proposed jury instructions, a verdict form, proposed voir dire, a witness list, and an exhibit list, movant decided to plead guilty.  See ECF Nos. 43-48; 53.  Based on the timing of his guilty plea, respondent did not file a motion to reduce movant's offense level pursuant to Section 3E1.1(b) of the United States Sentencing Guidelines.  See ECF No. 63 at 8 (PSR); ECF No. 73 at 9 (Sentencing Transcript).  On this record, movant does not demonstrate how his counsel could have forced respondent to file a motion to reduce his offense level when movant persisted in his plea of not guilty until the eve of trial.  Accordingly, this claim should be denied as it is wholly unsupported by the record.

    Lastly, movant challenges his counsel's conduct at sentencing.  To the extent that movant contends that his attorney failed to review the PSR with him, the sentencing transcript contradicts this assertion.  The court provided additional time for counsel to review the report with movant before imposing sentence.  ECF No. 73 at 2-4.  Movant's IAC claim for failing to use his deportation as mitigating evidence is also belied by the record.  Prior to sentencing movant, the trial judge asked whether movant was going to be deported following his sentence.  See ECF No. 73 at 10-11.  The sentencing judge was informed by respondent that movant had already received a Notice of Action from the Department of Homeland Security based on his state charges, and that he would "likely" be deported.  ECF No 73 at 10.  Based on this record evidence, it is clear that the judge was informed about movant's likely deportation before sentencing him to the low end of the Sentencing Guidelines range, which was 15 months lower than the probation officer's recommendation.  Compare ECF No. 63 at 4 (PSR).  Movant does not demonstrate why his sentence might have been any lower had his attorney specifically argued that his deportation was

7

a mitigating factor.  As a result, this claim fails based on lack of prejudice.  For all these reasons, the undersigned recommends denying claim four in the § 2255 motion.

### IV. Plain Language Summary for Pro Se Party

Since movant is representing himself at this stage of the case, the court wants to make sure that the words of this order are understood.  The following information is meant to explain this order in plain English and is not intended as legal advice.

The undersigned has reviewed the pleadings and record in this case and concluded that your claims do not warrant relief.

If you disagree with this outcome, you have 21 days to explain why it is not correct.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."  The district judge assigned to your case will review the file and make the final decision.

Accordingly, IT IS HEREBY RECOMMENDED that movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 79) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  If movant files objections, he may also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 7, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE